[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 9, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-14630
Non-Argument Calendar

_____

BIA No.  A78-275-494

HAROLD BECERRA-ROJAS,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

(May 9, 2005)

Before BIRCH, BLACK and PRYOR, Circuit Judges.

PER CURIAM:

Harold Becerra-Rojas, a native and citizen of Peru, appeals pro se the Board of Immigration Appeals's ("BIA's") affirmance without opinion of an Immigration Judge's ("IJ's") decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Because Becerra-Rojas did not file a petition for review within 30-days of the BIA's denial of his appeal, we lack jurisdiction to review the IJ's decision or the BIA's initial affirmance of this decision. Although we liberally construe Becerra-Rojas's pro se brief as contending that the BIA abused its discretion by denying his motion for reconsideration, we find that the motion did not toll the running of the review period.[1] Accordingly, the petition for review is **DISMISSED**.

## I. THE PETITION FOR REVIEW

We review de novo whether we have subject-matter jurisdiction. See Brooks v. Ashcroft, 283 F.3d 1268, 1272 (11th Cir. 2002). While we generally have jurisdiction to review final orders of removal, the petition for review must be filed within 30 days of the date of the final order of removal. See INA §

---

[1] The government argues that Becerra-Rojas has abandoned any challenge to the denial of his motion for reconsideration by not expressly raising such a challenge in his appellate brief. This position is understandable. See Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) (holding, in counseled case, that "[w]hen appellant fails to offer argument on an issue, that issue is abandoned"). However, because Becerra-Rojas is uncounseled we liberally construe his brief as challenging the BIA's denial of his motion for reconsideration. See Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 595-96 (1972).

242(a)(1), (b)(1), 8 U.S.C. § 1252(a)(1), (b)(1). The statutory time limit for filing a direct petition for review in an immigration case is "'mandatory and jurisdictional,' and [is] not subject to equitable tolling." Stone v. Immigration and Naturalization Serv., 514 U.S. 386, 405, 115 S. Ct. 1537, 1549 (1995) (citation omitted) (construing the former 90-day period for filing a petition for review under the INA § 106(a)(1), 8 U.S.C. § 1105a(a)). A motion to reconsider or reopen filed with the BIA does not suspend the finality of the underlying BIA order and does not toll the review period. See Stone, 514 U.S. at 405-06, 115 S. Ct. at 1549.

In the instant case, the BIA affirmed the IJ's order on 24 June 2004,[2] and Becerra-Rojas did not file his petition for review until 10 September 2004. Though Becerra-Rojas filed a motion for reconsideration, this motion did not toll the time for appealing the initial affirmation of the IJ's order. Accordingly, because more than 30 days passed between the BIA's affirmation of the IJ's order and the filing of the petition for review, we lack jurisdiction to review the initial affirmation. The petition for review is therefore **DISMISSED**.

---

[2]Because Becerra-Rojas's removal proceedings commenced after 1 April 1997, the permanent rules of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub.L.No. 104-208, 110 Stat. 3009 (1996) ("IIRIRA"), apply.

## II. **THE DENIAL OF THE MOTION FOR RECONSIDERATION**

The government agrees that we do have jurisdiction to review the denial of Becerra-Rojas's motion for reconsideration. We review the BIA's denial of a motion for reconsideration for abuse of discretion. Assa'Ad v. United States AG, 332 F.3d 1321, 1341 (11th Cir. 2003), cert. denied, 125 S.Ct. 38 (2004). When the BIA has properly affirmed an IJ's order, denial of an alien's motion for reconsideration is also appropriate. See id. at 1340-41 (affirming denial of motion for reconsideration without extended discussion because BIA's initial decision was appropriate).

An alien is eligible for asylum if such alien meets the Immigration and Naturalization Act's (INA's) definition of a "refugee." See INA § 208(b)(1), 8 U.S.C. § 1158(b)(1). In most cases, to demonstrate "refugee" status under the INA, an alien must show that he is outside of his country because of "persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." INA § 101(a)(42)(A), 8 U.S.C. § 1101(a)(42)(A); accord Sepulveda, 401 F.3d at 1230. We have indicated that "persecution is an extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation, and that [m]ere harassment does not amount to persecution." Sepulveda, 401 F.3d at 1231

4

(punctuation omitted). Moreover, the fact that an alien has engaged in political activity that dissident groups oppose does not by itself compel the conclusion that violence directed against that alien is on account of such political activity. See id. (holding that the fact that a bomb exploded in a restaurant where a peace protest organizer was present did not "compel the conclusion" that militant groups had targeted the organizer on account of her political activity).

In order to establish a well-founded fear of future persecution, such a fear must be "'subjectively genuine and objectively reasonable.'" Id. at 1231. Where the alleged persecutors were not associated with the government, the alien must show that he could not have avoided persecution by relocating within his home country. Id. When an IJ points to meaningful differences between an alien's asylum application and testimony at the merits hearing, we will defer to the IJ's credibility determination. See D-Muhumed v. United States AG, 388 F.3d 814, 819 (11th Cir. 2004).

In the instant case, the IJ's opinion correctly noted that Becerra-Rojas claimed in his asylum application that the group of students beat him, but omitted this claim during his direct testimony. Thus, we defer to the IJ's finding that Becerra-Rojas's claim that he was beaten was not credible. With respect to

Becerra-Rojas's allegations of death threats and verbal harassment, we find that, even if credited, these allegations were insufficient to establish past persecution.

With respect to future persecution, Becerra-Rojas proffered an article to the BIA which stated that "violence [undertaken by the Shining Path] will be low-key and will take place mainly in parts of Peru that are of little political or economic importance, such as shantytowns in Lima and towns in the jungle or the Andean highlands." Thus, because Becerra-Rojas could avoid future persecution by relocating within Peru, he has not shown a well-founded fear of future persecution. Accordingly, the IJ's decision that Becerra-Rojas was not entitled to asylum was correct, and, the BIA did not err by denying Becerra-Rojas's motion for reconsideration.

## III. CONCLUSION

Having reviewed the parties' briefs and the record and found no error, we **AFFIRM** the BIA's denial of reconsideration and **DISMISS** his petition for review.

6